## J. M. SAUNDERS VS. THE STATE.
### COURT OF APPEALS, AUSTIN TERM, 1882.

*Circumstantial Evidence—Charge of Court.*—Where a conviction is sought upon circumstantial evidence alone, it is incumbent on the trial judge to charge the law applicable to such testimony. (See this case for charge held to be radically erroneous.)

Appeal from Erath county.

Opinion by Hurt J.

Saunders was convicted of the theft of a horse, the property of Aaron Dollarhide. For a conviction in this case the State relied solely on circumstantial evidence; it was, therefore, incumbent upon the trial judge to charge the law applicable to this suit, and this he did, as follows:

"The evidence in this case is circumstantial. To warrant the conviction of the defendant, therefore, the facts and circumstances *should be not* consistent with his guilt, but inconsistent with his innocence. And, if such facts and circumstances can not be accounted for and explained upon any reasonable theory or hypothesis consistent with defendants innocence, he should be acquitted." i. e., The guilt of the defendant is, in every criminal case, an affirmative proposition, and must be affirmatively and clearly established; hence, every fact or circumstance relied upon and necessary to prove guilt must, in the very reason and nature of the above propo

sition, be consistent with the guilt of the defendant. They must not only be consistent with guilt, but must go beyond this, and be so clear, pointed and cogent as to exclude the hypothesis of innocence.

We are of opinion that the charge was radically erroneous. And whether excepted to at that time, or called to the attention of the court on motion for a new trial, we will revise, and reverse the judgment for this error.

If the horses were taken at different times and places, these takings, though with thiefish intent, would constitute but one theft, and the fact that they (the horses) were brought into Erath county at the same time, would not limit the court in Erath county to one conviction. The other errors assigned will not be noticed, believing that the assignments are not well taken. For the error in the charge the judgment is reversed, and the cause remanded.